UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case No. 19-CR-4583 KG

LUIS EDUARDO REYES-MEZA,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C § 3582(c)(2)

This matter comes before the Court upon Defendant Luis Eduardo Reyes-Meza's Pro Se Motion for Reduction of Sentence brought under 18 U.S.C. § 3582(c)(2), for a reduction of imprisonment based on a guideline sentencing range that has subsequently been amended and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Having considered the Motion, the Response, the applicable law, the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C § 3553(a), to the extent that they are applicable, the Court grants in part and denies in part Defendant's Motion.

On April 24, 2020, Mr. Reyes-Meza pled guilty to a two-count Indictment charging: Distribution of 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(a)(A); and Possession with Intent to Distribute 50 Grams and More of Methamphetamine. The Court imposed a sentence on June 24, 2021, committing Mr. Reyes-Meza to the custody of the Bureau of Prisons for a term of 108 months. The sentence was below the sentencing range of 135–168 months based on a Total Offense Level 33 and Criminal History Category I. The Presentence Report, calculating the Total Offense Level and Criminal History Category, states:

1

**Offense Level Computation**

24. The 2018 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11.

25. Counts 1 and 2 are grouped for guideline calculation purposes because the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. USSG §3D1.2(d).

**Count Group 1: Distribution of 50 Grams and More of Methamphetamine**

26. **Base Offense Level:** The guideline for a violation of 21 U.S.C. § 841(a)(1) is USSG §2D1.1. The base offense level is 38. USSG §2D1.1(a)(5).                **38**

27. **Specific Offense Characteristics:** If the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of §5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease by 2 levels.                **-2**

28. **Victim Related Adjustment:** None.                **0**

29. **Adjustment for Role in the Offense:** None.                **0**

30. **Adjustment for Obstruction of Justice:** None.                **0**

31. **Adjusted Offense Level (Subtotal):**                **36**

32. **Chapter Four Enhancement:** None.                **0**

33. **Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).                **-2**

34. **Acceptance of Responsibility:** The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).                **-1**

35. **Total Offense Level:**                **33**

. . .

**Criminal History Computation**

39. The total criminal history score is zero. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I.

*Presentence Report (PSR)* (Doc. 47) at 7–8. As of the date of this order, Mr. Reyes-Meza has remained in custody. However, since the date his sentence was imposed, the United States Sentencing Commission amended the Sentencing Guidelines, and those amendments became effective November 1, 2023.

The amendment that is relevant to Mr. Reyes-Meza is Part B, applying to certain "Zero-Point Offenders" under U.S.S.G. § 4C1.1. When determining the Total Offense Level:

> [t]he amendment applies to offenders with no criminal history points, including (1) offenders with no prior convictions; (2) offenders who have prior convictions that are not counted because those convictions were not within the time limit set forth in subsection (d) and (e) of § 4A1.2 . . .; and (3) offenders who have prior convictions that are not used in computing the criminal history category for reasons other than their "staleness" (e.g., sentences resulting from foreign or tribal court convictions, minor misdemeanor convictions, or infractions).

U.S. Sentencing Guidelines Manual, Supp. to App. C, Amendment 821 at 242 (2023). "Recidivism data analyzed by the Commission shows . . . that offenders with zero criminal history points have considerably lower recidivism rates than other offenders, including offenders with one criminal history point." *Id.* The amendment "provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A and whose instant offense did not involve specific aggravating factors." *Id.* As noted above, Mr. Reyes-Meza's criminal history score is zero, and the Court finds no specific aggravating factors. Thus, based on the applicable amendment, his Offense Level is reduced from 33 to 31 and, when applied to his Criminal History Category I, his Guideline imprisonment range is now 108–135 months.

The Court again considers all the factors set forth in 18 U.S.C. § 3553(a)(1)–(7), including but not limited to the nature and circumstances surrounding Mr. Reyes-Meza's criminal conduct, his history and characteristics as described in the PSR, the need to promote respect for the law, and provide a just punishment.  The Court also notes that the previously imposed sentence is at the low end of the amended guideline range.  Based on the mechanical application of the Amendment, the Court grants a reduction in Mr. Reyes-Meza's Offense Level.  However, the Court denies a sentence reduction as requested in his Motion.  The previously imposed sentence is within the new imprisonment range, and this Court concludes that a sentence of 108 months remains sufficient and not greater than necessary to satisfy the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

Accordingly, it is ORDERED that Mr. Reyes-Meza's previously imposed sentence of 108 months remains the same.  Except as otherwise provided, all provisions of the judgment entered June 24, 2021, (Doc. 66), shall remain in effect.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE